**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

MACDERMID PRINTING SOLUTIONS, )
L.L.C., )
                                    )
            Plaintiff, )
                                    )
   v. )               1:10MC38
                                    )
E.I. DU PONT DE NEMOURS AND )
COMPANY, )
                                    )
            Defendant. )

**MEMORANDUM OPINION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

The instant case comes before the Court on the Motion to Quash Subpoena to Testify Served Upon Patricia Beighle (Docket Entry 1). For the reasons that follow, the instant Motion will be granted.[1]

---

[1] The Court notes that DuPont's Response Brief and all attachments thereto (see Docket Entries 3, 3-2 - 3-19), as well as MacDermid's Reply Brief and all attachments thereto (see Docket Entries 4, 4-2 - 4-4), were filed with the Court under seal. As a basis for said sealing, both briefs contain identical language stating only that the relevant party "respectfully submits this paper under seal as it divulges information and quotes from documents designated as 'Confidential'" under a Protective Order entered in the underlying action. (Docket Entry 3 at 1 n.1; Docket Entry 4 at 1 n.1.) This representation does not adequately address the relevant standard for sealing documents with the Court, including why less drastic options, such as redaction, would not suffice. See, e.g., Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., No. 1:05CV955, 2011 WL 2413404, at *2-5 (M.D.N.C. June 10, 2011). Accordingly, as part of this Order, the Court will direct the parties to file the appropriate motions addressing the issues outlined in Volumetrics or otherwise have their filings unsealed by the Clerk of Court.

Background

MacDermid Printing Solutions, L.L.C. ("MacDermid") and E.I. Du Pont De Nemours and Company ("DuPont") are currently embroiled in a patent infringement action pending in the United States District Court for the District of New Jersey. (See Docket Entry 2 at 1; see also MacDermid Printing Solutions, LLC v. E.I. du Pont de Nemours and Co., Civil Action No. 07-4325 (D.N.J.).) In that action, which underlies the instant motion to quash, MacDermid alleges that DuPont infringed on certain claims of U.S. Patent No. RE39,835 (the "'835 Patent"). (See Docket Entry 2 at 2.) DuPont's defenses to MacDermid's allegations include non-infringement, invalidity, equitable estoppel, and laches. (See id.) DuPont has also filed a counterclaim seeking a declaratory judgment that the claims of the '835 Patent are invalid. (Id.)

In connection with that matter, DuPont served a subpoena seeking both testimony and documents on non-party Dr. Patricia Beighle ("Dr. Beighle") pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Docket Entry 2-2.) Dr. Beighle's instant Motion moves to quash that subpoena "on the grounds that it is overly broad, unduly burdensome, seeks testimony not reasonably calculated to lead to the discovery of admissible evidence, and constitutes an unnecessary fishing expedition." (Docket Entry 2 at 1.)

Legal Standard

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to non-parties. See Fed. R. Civ. P. 45. The scope of discovery under Rule 45 is the same as that under Rule 26, see Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 240 (M.D.N.C. 2010) (citing Fed. R. Civ. P. 26 advisory committee's notes, 1991 Amendment, Subdivision (a)), which allows for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1). Under this standard, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

A non-party in receipt of a subpoena may move to quash. See Fed. R. Civ. P. 45(c)(3). In so doing, the non-party "'may seek from the court protection from discovery via the overlapping and interrelated provisions of both Rules 26 and 45'" of the Federal Rules of Civil Procedure. Snoznik v. Jeld-Wen, Inc., 259 F.R.D. 217, 222 (W.D.N.C. 2009) (quoting Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 529 (D. Del. 2002)).

Rule 45 provides that the Court must quash a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend

a trial by traveling from any such place within the state where the trial is held;

> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). It further provides that the Court may quash a subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information;
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B).

Under Rule 26(b)(2), the Court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

In sum, when conducting an analysis under Rule 45, the Court "is required to apply the balancing standards: relevance, need, confidentiality and harm. Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Insulate Am. v. Masco Corp., 227 F.R.D. 427, 432 (W.D.N.C. 2005) (citations omitted).

## Discussion

DuPont contends that Dr. Beighle's prior experience working with technology relevant to the '835 Patent gives her knowledge directly relevant to DuPont's defenses. (See Docket Entry 3.) The technology at issue in the underlying matter involves flexography - a type of printing process used on a variety of packaging products such as corrugated carton boxes, card boxes, and webs of plastic films. (See id. at 3.) The '835 Patent deals with specific methods for creating the flexographic plates that flexography employs. (See id.; see also Docket Entry 3-2.) Dr. Beighle worked for DuPont from 1982 to 2001. (See Docket Entry 5 at 1.) From 1993 to 1999, Dr. Beighle worked in DuPont's Parlin, New Jersey manufacturing facility in the position of manufacturing manager. (Id.) Five years after retiring from DuPont in 2001, Dr. Beighle joined MacDermid as a manufacturing consultant. (See Docket Entry 2 at 2.) Because of these roles, DuPont contends, in its Response Brief, that Dr. Beighle has highly relevant

information specifically related to: 1) DuPont's defense that the '835 Patent is invalid; and 2) DuPont's contention that any lost profits damages should be reduced because MacDermid had manufacturing problems and because several of MacDermid's products did not embody the '835 Patent. (See Docket Entry 3 at 8-14.)

*Validity of the '835 Patent*

A party can prove the invalidity of a patent claim if it can show, by clear and convincing evidence, that the invention claimed was in public use or on sale in the United States more than a year prior to the patent application's filing date. See 35 U.S.C. § 102(b); see also Linear Tech. Corp. v. Int'l Trade Comm'n, 566 F.3d 1049, 1066 (Fed. Cir. 2009). In light of its assertion of such an invalidity defense, DuPont argues that "Dr. Beighle has information that would corroborate DuPont's testimony and documents concerning DuPont's prior use and sale of digital plates that invalidate certain claims of the '835 [P]atent now asserted against DuPont." (Docket Entry 3 at 14.) In Reply, Dr. Bieghle contends that because the plates that are the subject of the allegedly invalidating sale were manufactured in Germany, Dr. Beighle's work in the New Jersey plant is irrelevant. (See Docket Entry 4 at 3-4.) The Declaration of Patricia J. Beighle (Docket Entry 5), submitted in conjunction with Dr. Beighle's Reply Brief, also asserts generally that "[t]o the best of [her] knowledge" plates

containing claims of the '835 Patent "were not manufactured for commercial sale at the Parlin, New Jersey facility prior to" the relevant time period. (Id. ¶ 6.)

On the instant facts, the Court finds merit in Dr. Beighle's arguments. The information requested "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). DuPont, as the manufacturer of the plates, is the best source of information regarding the plates' prior sale. That it appears the plates in question were manufactured at a separate manufacturing facility located in Germany (see Docket Entry 3-8 at 4) only strengthens this finding. In sum, the availability of the relevant information from another, better source makes the burden on Dr. Beighle unwarranted in this case.

*Evidence Regarding Lost Profits*

In order to recover lost profits, MacDermid "must show 'causation in fact,' establishing that 'but for' the infringement, [it] would have made additional profits." Wechsler v. Macke Int'l Trade, Inc., 486 F.3d 1286, 1293 (Fed. Cir. 2007) (internal quotation marks and citations omitted). DuPont asserts that the testimony of Dr. Beighle will demonstrate that any lost profits claimed by MacDermid should be reduced because certain products manufactured by MacDermid do not actually embody the claims of the

'835 Patent and because MacDermid suffered from its own internal manufacturing issues which would affect its profit calculations. (See Docket Entry 3 at 9-14). In her Reply Brief, Dr. Beighle answers that any analysis regarding lost profits is wholly irrelevant as "MacDermid has recently informed DuPont that it will be calculating damages based on a reasonable royalty analysis rather than a lost profits analysis." (Docket Entry 4 at 8.) In light of this development, no basis exists for DuPont to depose Dr. Beighle on issues related to lost profits.

*Document Request*

DuPont's subpoena on Dr. Beighle also contains 13 document requests. (See Docket Entry 2-2 at 9). Dr. Beighle contends that "[n]one of the document requests relate to the patent-at-issue or even MacDermid's manufacturing processes." (Docket Entry 2 at 9.) DuPont's Response Brief lacks any argument regarding the document requests, save the following paragraph in a footnote:

> Dr. Beighle's assertions regarding DuPont's document requests are a red herring. DuPont has no intention of "harassing" Dr. Beighle; the documents requested are those that MacDermid has not produced because, presumably, they are within the sole possession of Dr. Beighle (if any). MacDermid has produced hundreds of documents from Dr. Beighle's files in response to over one hundred document requests propounded by DuPont; DuPont did not see fit to burden Dr. Beighle with these hundred document requests, and simply limited the scope to those only within Dr. Beighle's possession.

(Docket Entry 3 at 11 n.5.)

DuPont's lone mention of the document request does not address any issues regarding the relevancy of the documents or DuPont's need in the underlying action. (See id.) Accordingly, because no grounds exist to find any relevancy or need of the documents, DuPont's subpoena will be quashed in this respect as well.

## Conclusion

The Court concludes that the information sought from Dr. Beighle, a non-party to the underlying action, is either more readily available from another source or irrelevant.

**IT IS THEREFORE ORDERED** that the Motion to Quash Subpoena to Testify Served Upon Patricia Beighle (Docket Entry 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that each party shall file an appropriate motion to seal addressing the relevant considerations for filing their respective briefs and attachments thereto under seal with the Court by March 30, 2012. If DuPont has not filed any such motion to seal by that date, the Clerk shall unseal DuPont's Docket Entries 3 and 3-2 through 3-19. If Dr. Beighle has not filed any such motion to seal by that date, the Clerk shall unseal Dr. Beighle's Docket Entries 4 and 4-2 through 4-4.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: March 6, 2012